CRIMINAL LAW (§ 1106*)—APPEAL—RECORD—TIME FOR PERFECTION.

Where sentence was pronounced upon accused on the 25th day of January, the records in his appeal should be filed with the Court of Criminal Appeals not later than April 25th.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2890–2892; Dec. Dig. § 1106.*]

Appeal from Criminal District Court, Dallas County; Barry Miller, Judge.

Jim Meyer was convicted of theft, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of theft, and his punishment assessed at three years' confinement in the penitentiary.

As no statement of facts, nor bills of exceptions accompany this record, no question is presented in the motion for a new trial we can review.

This appellant was tried and sentence pronounced on him on the 25th day of last January; and, if the appeal was not going to be perfected, it is a hardship on him to be compelled to lie in jail from then until now, about 10 months, before beginning his sentence, and an expense to the county in feeding and caring for him during that time that it should not have been compelled to pay. If records were promptly sent to this court, as required by the law, this would not occur. In this case the law required this record to have been filed in this court not later than April 25th, but it was not done until some five months later than that time. Such neglect is inexcusable, and works a hardship both on the prisoner and the county. We keep calling attention to these matters in the hope that we may get the officers to comply with their plain duty under our Code of Criminal Procedure.

Affirmed.

---

HENDRICKS v. STATE.

(Court of Criminal Appeals of Texas. Nov. 19, 1913.)

1. ROBBERY (§ 24*)—PROSECUTION—EVIDENCE—SUFFICIENCY.

In a prosecution for robbery, evidence held sufficient to support a conviction.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 32–36; Dec. Dig. § 24.*]

2. CRIMINAL LAW (§ 814*)—TRIAL—INSTRUCTIONS.

Where the evidence was positive and the facts showing the guilt of accused were not wholly circumstantial, a charge on circumstantial evidence was properly refused.

[Ed. Note.—For other cases, see Criminal Law. Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Will Hendricks was convicted of robbery, and he appeals. Affirmed.

R. H. & A. S. Tiernan, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of robbery, and his punishment fixed at confinement in the penitentiary for 15 years.

[1] The testimony in the case is amply sufficient to establish appellant's guilt. The alleged robbed party testified positively to the facts that appellant assaulted him, knocked him down, cut and beat up his head with some instrument, and robbed him, and positively and unquestionably identified the appellant as the party. He was corroborated by other facts and circumstances. The appellant denied the robbery and claimed an alibi. The court properly submitted

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

all these questions to the jury in his charge, to which there is no complaint, and the jury found appellant guilty.

[2] There are but two questions raised. The first is the insufficiency of the evidence, and the second that the court should have charged on circumstantial evidence. It is too well settled to need citation of authorities that when the evidence is positive, and the facts showing the guilt of an accused are not wholly circumstantial, a charge on circumstantial evidence is neither required nor should be given. In this case, as stated above, the evidence was positive, and appellant's guilt established thereby, and not by circumstantial evidence, so that the court did not err in not charging on circumstantial evidence.

The judgment is affirmed.